UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                                18-CR-131-V

LARRY WATKINS, SR.,

                   Defendant.

---

## GOVERNMENT'S MEMORANDUM OF LAW

THE UNITED STATES OF AMERICA, through its attorneys, James P. Kennedy, Jr., United States Attorney for the Western District of New York, and Seth T. Molisani, Assistant United States Attorney, of counsel, hereby file this memorandum of law in support of its motion under Title 18, United States Code, Section 3142(e), to detain defendant before trial on the basis that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.

## PROCEDURAL HISTORY AND UNDERLYING FACTS

On June 21, 2018, the defendant was charged by way of a one-count indictment with violating Title 18, United States Code, Sections 922(g)(1) and 924(a)(2) (Felon in Possession of Ammunition). The defendant was arrested the following day, June 22, 2018, and made his initial appearance before this Court that afternoon. The defendant was assigned Alan Hoffman, Esq. based on an attorney conflict and the attorney appearance and detention hearing were rescheduled for June 25, 2018. On June 25, 2018, counsel accepted the assignment and requested a one-week adjournment of the detention hearing. The following

appearance, July 2, 2018, the government moved for detention and described the underlying facts that warranted both a detention hearing and a finding by this Court that no condition or combination of conditions would ensure the defendant's appearance or would ensure the safety of the community.  Specifically, the government argued that the defendant should be detained pursuant to Title 18, United States Code, Section 3142(f)(1)(E).  The government proceeded by proffer and further argued the factual basis for its motion, specifically, the defendant's possession and repeated discharge of a firearm on a public street, in broad daylight, in the City of Buffalo, in support of detention.  Video surveillance footage of the incident was displayed to the Court and defendant.  The defense did not seriously dispute the government's recitation of the underlying facts.  The defense put on proof both through a witness and by proffer.  Following arguments by the parties relating to the factors set forth in 3142(g), the Court inquired about the threshold question of whether or not the government was entitled to a hearing under 3142(f)(1) and requested further briefing on that issue.  For the reasons set forth below, the government's motion for a hearing should be granted and, based on the government's arguments as set forth on the record, the defendant should be detained.

### **A DETENTION HEARING IS REQUIRED WHEN A CASE "INVOLVES" ONE OF THE FACTORS SET FORTH IN SECTION 3142 (f)**

Upon motion of the government, a detention hearing *must* be held if the case satisfies at least one of the conditions set forth in Title 18, United States Code, Section 3142(f)(1).  Of the conditions listed under the foregoing section, two of them are relevant to the case at bar: (1) a case that "involves a crime of violence" [id. § 3142(f)(1)(A)]; and (2) a case that "involves any felony that is not otherwise a crime of violence that involves a minor victim or that **involves the possession or use of a firearm** or destructive device." Id. § 3142(f)(1)(E)

(emphasis added).  The court must determine, by a preponderance of the evidence, that the defendant was charged with one of the crimes enumerated in Section 3142(f)(1) before turning to whether any condition or combination of conditions of release will protect the safety of the community and reasonably assure the defendant's appearance at trial.  See US v Friedman, 837 F2d 48, 49 (2d Cir. 1988).

The discussion held in US v Bagby, 2015 WL 8678394 (WDNY 2015), is particularly illustrative regarding the issue identified by the Court in this case.  In Bagby, the defendant was charged, like this defendant, with being a felon in possession of ammunition.  In Bagby, the court addressed whether the charge of possession of ammunition by a felon fell under the ambit of 3142(f)(1).  In determining that the felon in possession of ammunition charge did constitute a crime for which 3142(f)(1) applied, the court focused on the use of the word "involve" in 3142(f)(1)(A) and 3142(f)(1)(E).

The Bagby court began its discussion by noting that subsection 3142(a) states that the bail process begins when a defendant is "charged with *an* offense" (emphasis added).  The Bagby court further noted that subsection 3142(f) narrows the field of possible offenses that qualify, but "loosens the relationship between a defendant and a crime of violence (or possession or use of a firearm) from a formal charging to an involvement." Bagby at 2.  The court reasoned that "[i]f a formal charge puts the Act into play then a court will consider whether a case 'involves' one of the factors in Subsection 3142(f) and thus allows for a detention hearing."  Id.  "It is not necessary that the *charged offense* be a crime of violence; only that the case involve a crime of violence or any one or more of the § 3142(f) factors.  But the proof of a nexus between the non-violent offense charged and the one or more of the six §

3142(f) factors is crucial." US v Byrd, 969 F2d 106, 110 (5th Cir. 1992).  Therefore, the government must establish, by a preponderance of the evidence, a factual nexus between the charged offense of a felon in possession of ammunition and a crime of violence and/or the possession or use of a firearm in order to obtain a detention hearing.

Ultimately, the court in Bagby determined that there was a sufficient nexus between the charge of a felon in possession of ammunition (where defendant was found in a house with cocaine, a large amount of currency, two bullets in a closet, and no firearm) and "a crime of violence" by inquiring into the circumstances surrounding the charged offense.  The court found it reasonable to infer that the ammunition found in Bagby's residence, couple with information about a traffic stop of known associates in close temporal and spatial proximity in possession of firearms, could be associated with violent efforts to protect large amounts of narcotics and cash.  The court also took into consideration two previous charges Bagby faced relating to weapons possession.  Based on those considerations, the court found that there was a sufficient factual nexus to a crime of violence involving firearms which authorized the government to seek a detention hearing.

Here, the nexus between the charged offense and the factors set forth in Section 3142(f) is much less tenuous than it was in Bagby.  The government, through the proffered testimony and the surveillance footage, has demonstrated a clear nexus between the charged offense and "a crime of violence" under Subsection 3142(f)(1)(A) and a clear nexus between the charged offense and "any felony that is not a crime of violence…that involves the possession or use of a firearm" under Subsection 3142(f)(1)(E).  In this case, the nexus between the charged offense of a felon in possession of ammunition not only "involves" "a crime of violence" and

"possession or use of a firearm," but the charged offense is inextricably interwoven with those factors. In this matter, the defendant is charged with possessing the *very* ammunition he discharged from a firearm. The bullets and shell casings recovered as a result of the defendant's actions in discharging a firearm form the basis for the charged offense. The defendant necessarily possessed and used a firearm when he discharged (at others) the ammunition he is charged with possessing as a felon. Because the government has established, by a preponderance of the evidence, a factual nexus to "a crime of violence" and "any felony that…involves the possession or use of a firearm" the government should be authorized to seek a detention hearing.

## CONCLUSION

For the foregoing reasons, the government is entitled to move the Court for the defendant's detention pursuant to Title 18, United States Code, Sections 3142(f)(1)(A) and 3142(f)(1)(E).

DATED: Buffalo, New York, July 9, 2018.

JAMES P. KENNEDY, JR.
United States Attorney

BY:  s/SETH T. MOLISANI
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716/843-5881
Seth.Molisani@usdoj.gov