UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

United States of America

vs

Larry Watkins, Sr.,   Defendant
_____

Docket 18CR-131V

**Defendant's Memorandum of Law**

<u>The Indictment and Necessity of a Detention Hearing</u>

The indictment charges a violation of 18 USC §922 (g)(1) that provides that it "...shall be unlawful for any person – (1)who has been convicted in any court, of a crime punishable by imprisonment for a term exceeding one year; to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce". 18 USC §924 (a)(2) that provides that anyone who violates this section shall be imprisoned not more than ten years.

This Memorandum is submitted in opposition to the government's Memorandum of Law as relates to the necessity for a detention hearing under 18 USC §3142 (e).

<u>Argument as to Applicability of 18 USC §3142 (f)(1)(A) and (E)</u>

The government's Memorandum of Law seeks detention of this defendant pursuant to 18 USC §3142 (f)(1)(A)[crime of violence] and/or 18 USC §3142 (f)(1)(E) [felony that is not otherwise a crime of violence involving possession or use of a firearm or destructive device, as defined in 18 USC §921. [The indictment does not allege nor has the government proceeded upon the theory that defendant possessed any of the items defined in that section]; [this provision was added in 2006].

The government has conceded that 18 USC §3142 (e)(2), that provides for a rebuttable presumption if the defendant is charged for certain crimes and offenses as

described at 18 USC §3142 (f)(1), a crime of violence, is not applicable in this case. Therefore, there is no presumption that there could be no condition or combination of conditions that will reasonably assure the safety of the community.

The issue before this Court is whether a detention hearing is required pursuant to 18 USC §3142 (f)(1)(A) that "involves" a crime of violence. That section states that upon the motion of the attorney for the government, in a case that involves a crime of violence, there is to be a detention hearing. The defense submits that a felon in possession of ammunition is categorically not a crime of violence.

Additionally, the government specifically is moving for detention based upon 18 USC §3142 (f)(1)(E) which does not involve a crime of violence, but rather, involves the possession or use of a firearm or destructive device as defined at 18 USC §921 (a)(4). This definition, however, does not describe ammunition.

Realistically, it is only subdivision (A) that is the basis for the government's argument. It should not be a matter of interpretation or judicial discretion in determining whether an indictment is for a crime of violence, especially when the Courts in the past have considered activities apart from the Indictment that could be considered acts of violence. [See, Johnson v. U.S., 135 S. Ct 2551, 192 L. Ed. 569 (2015), *infra*.]

The government's memorandum principally relies upon U.S. v Bagby, 2015 WL 8678394, 2015 U.S. Dist. LEXIS 166837 (WDNY 2015)(15-MJ 2135) [this case has never been cited in any reported decisions]. The defense argues herein that a felon in possession of ammunition is not a crime of violence. It is clear that the definition of a crime of violence involves the attempted use of physical force for an offense that by its nature involves a substantial risk that physical force may be used. [18 USC §3156 (a)(4)(A-C)] The Bagby Court did not reach the question of inherent risk by emphasizing the word "involved".

Prior to being provided a cite for the Bagby decision in the government's Memorandum of Law, the defense had relied upon U.S. v Carter, 996 F.Supp. 260 (WDNY 1998) [cited as authority at least 58 times] that held that the unlicensed interstate transportation of firearms in violation of 18 USC §§922 (a)(1)(A), 924 (b), 924 (m) is not a "crime of violence". There is no doubt that the possession of ammunition, as opposed to possessing a firearm or dealing in firearms, is a step below such possession or dealing. Using a categorical approach to determine whether a generic violation of 922 (a)(1)(A) was a crime of violence, the Court held that unlicensed dealing or importation of firearms across state lines did not involve the use of force or the substantial risk of the use of force. It was therefore held that it was not a crime of violence for purposes of 18 USC §3142.

An examination of Bagby and Carter, led the defense to read U.S. v Carswell, 144 F. Supp. 2d 123 (NDNY 2001); U.S. v Dillard, 214 F.3d 88 (2nd Cir.2000); U.S. v. Le, 2003 U.S. Dist. LEXIS 12158; 2003 WL 21659657 (District of Kansas 2003); U.S. v. Friedman, 839 F. 2d 48 (2nd Cir 1988); U.S. v Singleton, 182 F. 3d 7 (Court of Appeals Dist. of Columbia Cir. 1999). The defense has had a very short time since receipt of the government's Memorandum of Law to research the issue as set by the Court and submits that reliance merely upon Bagby and Friedman, together with the case of U.S. v Byrd, 969 F. 2d 106 (5th Cir 1992) by the government is not persuasive under the circumstances of this case.

Any memorandum that discusses what a "crime of violence" is, yet alone the case that merely may "involve a crime of violence", as urged by the government, should include an analysis of Johnson v U.S., 135 S.Ct. 2551, 192 L. Ed.2d 569 (2015) that held that the ACCA's "residual clause" was void for vagueness as to how much risk it takes for a crime to qualify as a violent felony. The defense has found no case involving detention that considered the application of this case. It is clear that the deprivation of liberty by detention with no bail is a serious violation of constitutional law, as was the residual clause discussed

in Johnson and held to be unconstitutional.

In addition to the cases referred to above and the citations therein, many other cases have been reviewed by the defense on what appears to be a rather complex issue as concerns the possession of ammunition by a felon. In particular, shell casings were found at the scene, which together with the defendant's statement that has been recorded but not yet reviewed by the defense, led to the arrest.[1]

The video played in Court shows the defendant going after two vehicles. One, a car driven by his son, and the second, a truck which was chasing that car and as testified to by the witness produced at the hearing, shooting into the car in an attempt to cause physical injury or death to Mr. Watkins' son. It is to be noted that an investigation should reveal that there is a further video that will show the actual shooting which has not yet been obtained by the defense. Additionally, a short time prior to the events that resulted in this Indictment, the same truck with individuals in it, fired shots at the same son in an attempt to seriously injure or kill him while he was in the Watkins' driveway. It was also explained to the Court that another son of Mr. Watkins had been murdered by reason of being shot. Upon information and belief, the defense has come forward with evidence that the shooting occurred in an attempt by Watkins, that was successful, to prevent his son from being assassinated. He had possession of the gun for a good reason, to protect the life of his son, and as such, this was not a crime.

At the hearing a proffer was made of the defendant's good works since his release from prison. He is an important person in the community, and has turned his life around. He received a 2018 award from Buffalo & United Front, Inc., known as the Herculean Award for his commitment and dedication as a father, husband and brother, as well as a mentor and

---

[1] It is respectfully requested that the government provide the recordation for play back at 11:30 a.m. on the return date of this matter.

role model in his community.   He is fully employed and presented a letter from Lawrence Williams, Chief Engineer Custodian of the Stanley Makowski School, 1095 Jefferson Avenue, indicating that his duties are mopping and cleaning up, grass cutting, maintenance to the boilers and overall maintenance of the property.   The letter states that he is a good employee, dependable and self-motivated.   In this regard, the City of Buffalo has issued to Watkins from the Dept of Permit Inspection Services, an Engineer's License, on May 14, 2018, allowing him to take charge and operate any power developing unit not exceeding 175 horse power  pursuant to Chapter 94-23 of the City of Buffalo Ordinances, for a period of two years [License#SE 218-10043784].   All of this information has been verified in the Pretrial Services Report as well as his early termination from any and all probationary periods that he had served, including a period of supervised release.

## Conclusion

U.S. v. Carter, *supra*, is a more thoughtful decision as explicated in Johnson, *supra*. Watkins is not charged with a crime of violence.  Bagby and some other cases held that under  certain circumstances, other uncharged acts of a defendant can be considered as to dangerousness as to whether or not a particular defendant has been charged with a crime th at "involved" a crime of violence. This is even a greater constitutional violation that was found in Johnson.

Detention prior to trial is an exception and there is a limit on the circumstances under which a District Court may order pretrial detention. (Friedman, *supra*, at 49)   It is submitted that Watkins is not charged with a "crime of violence",  an offense for which punishment is life in prison or death, or a serious drug offense.  There is no serious risk that he will flee due to his employment and family relationships in Buffalo.

5

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: July 12, 2018 |  |
|  | s/*Alan S. Hoffman* |
|  | Alan S. Hoffman, Esq. |
|  | Attorney for Defendant |
|  | 460 Franklin Street |
|  | Buffalo, New York 14202 |
|  | Tele: (716) 884-4700 |
|  | email= Lawyerhoffman@aol.com |

TO:   Paul Parisi, Esq.,
       Seth T. Molisani Esq.
       Asst United States Attorneys
       138 Delaware Avenue
       Buffalo, New York 14202
       Tele: (716) 843-5881
       email=seth.molisani@usdoj.gov

United States District Court
Western District of New York

_____

The United States of America

vs

Larry Watkins, Jr.,Defendant

_____

## Certificate of Service

      I hereby certify that on July 12, 2018 , I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system which would then electronically notify all CM/ECF participants in this case.

                                          s/*Alan S. Hoffman*
                                          Alan S. Hoffman, Esq.