**United States District Court**
**Western District of New York**

_____

**The United States of America**                                    **AMENDED**
                                                                    **Attorney  Affidavit As**
                                                                    **To Motion for Reconsideration**

**vs**
                                                                    **Dkt 18_CR-131**

**Larry Watkins, Sr.,  Defendant**


_____

**State of New York**
**County of Erie                    SS:**

      ALAN S. HOFFMAN, ESQ., being duly sworn, deposes and says:


      1.      I am an attorney at law duly licensed to practice in the State of New York with an office for the practice of law located at 460 Franklin Street, Buffalo, New York.

      2.      I am CJA assigned attorney for the above named defendant.

      3.      A transcript of the proceedings of July 2, 2018 [Doc#16] is incorporated herein by reference.  Magistrate Judge  Roemer clearly asked the government if there was any presumption in the case and it was clearly responded that there was no presumption.  At the detention hearing, AUSA Molisani stated at page 6:

> So I don't want to mislead  the Court here. Those were the circumstances. He wasn't simply firing a weapon in broad daylight on the street, you know, at just a random target. His son apparently was being fired upon and the defendant then engaged in gunfire presumably to protect his son or to prevent his son from being struck by this other vehicle.                                [ Hg. 7/2/18 p 6 l. 1-8]

The defense did not dispute this representation.   AUSA Molisani also represented to the Court that Watkins was cooperative and led them to the gun.   A partial video of the event was presented to Magistrate Judge Roemer, which clearly upset the Court because of the alleged  firing of a weapon by the defendant on a public street, that may have been  done in the defense of his son. The defendant previously lost a son to a shooting prior to this event and held him in his arms as the

son died. Prior to the event for which defendant was indicted, there was another attempt on his son's life in the driveway of their home.

4.      While the Court found that Watkins did not present a risk of flight, the court held for the government on the motion for detention based upon Watkins' dangerousness to the community. However,  since Watkins' release from his federal sentence, he has taken great steps to improve his life as set forth at the detention hearing.   He has a license to operate a boiler, has a job, and is supporting his family.   [See Doc ##9, 11]

5.      I personally have spoken with individuals who are aware of Watkins' activities since his release from prison and his cooperation with the police on other matters. Additionally, he was cooperating on the instant case and, at the request of the arresting officers,  provided them with the weapon that he used.

6.      At present,  pretrial motions are due on September 10, 2018 and the defendant may plead guilty as charged in the indictment seeking departure  pursuant to the grounds set forth at USSG §§5K2.11 [Lesser Harms (Policy Statement)]  and 5K2.12 [Coercion and Duress (Policy Statement)].   The government and defense counsel have discussed the possible  application of Guideline §2K2.1 (d)(6)(B) [possession of ammunition in connection with another felony offense], a 4 level increase, and the application of Guideline §2K2.1(b)(4)(A) [possession of a stolen firearm], a 2 level increase, and disagree upon the application of these two sections.

7.      The defendant submits that he did not possess the ammunition in connection with **another felony offense**, but rather, that his alleged  possession of the ammunition and the alleged discharge of same, is a single felony offense for which he was indicted.   In any event, pursuant to the Guidelines, the other felony offense must be cited in the offense of a conviction in connection with the commission or attempted commission of anther offense.  See, Guidelines §2K2.1 (c) Cross Reference at (1) that states:

> If the defendant used or possessed any firearm or ammunition cited in the offense of conviction in connection with the commission or attempted commission of another offense, or possessed or transferred a firearm or ammunition cited in the offense of conviction with knowledge or intent that it would be used or possessed in connection with another offense,

Also see under Application Notes 2K2.1 paragraph 14:

> Application of Subsections (b)(6)(B) and (c)(1) at (A) , that  states: In General -
> Subsections (b)(6)(B) and (c)(1) apply if the firearm or ammunition facilitated, or had
> the potential of facilitating, another felony offense or another offense, respectively.
> However, subsection (c)(1) contains the additional requirement that the firearm or
> ammunition be cited in the offense of a conviction.

8.      It is anticipated that upon the argument of this motion, photographs of the son's car that was the shot up by the perpetrators of the attempted murder herein will be presented to the Court. In addition, Watkins' criminal conviction in 1993 involved the possession of a misdemeanor drug and the attempted possession of a controlled substance, an A misdemeanor and E felony respectively.

His 1994 conviction was an on *Alford* basis, in that he did not admit his guilt.  As concerns his 2005 federal conviction on which he was sentenced to ten years, Judge Skretny released him and he remained out of custody until his sentencing.  This was so despite the fact that he was driving without a license in 2004, after he suffered a foot and ankle injury.

9.      There is no doubt that if Watkins picked up the gun that may have been   secreted in the field in order to protect his son, who was being shot at by two individuals, who, upon information and belief, have been identified but not yet revealed to the defense.  In this regard, AUSA Parisi indicates that he is obtaining these materials.   These individuals, upon information and belief, are known to the government and demand has been made by the defense for the release of the documents and information relating to the seizure of these individuals and the truck in which they were traveling.  This is necessary for the defense to properly prepare the motions, if necessary, as well as preparing for trial.

10.  Certainly, there is appropriate remedy upon this appeal in that conditions can be put on Watkins that will assure his lawfulness and obedience to any court order.  His employment is open to him and he has strong ties to the community.   Certainly, his activities can be monitored and controlled by the government so as to secure any possible dangers to the community.

Respectfully submitted,

s/*Alan S. Hoffman*
Alan S. Hoffman, Esq.

Subscribed and sworn to before
me this 3rd day of September, 2018
*s/Mari Jo Allen*
Notary Public State of New York
Registration No 01AL4695580
Qualified in Erie County
Commission Expires Sept 30, 2021

**United States District Court**
**Western District of New York**

_____

**The United States of America**

**vs**

**Larry Watkins, Sr., Defendant**

_____

### Certificate of Service


I hereby certify that on September 4, 2018 , I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system which would then electronically notify all CM/ECF participants in this case.




                                        s/*Alan S. Hoffman*_____
                                        Alan S. Hoffman, Esq.