**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**United States of America**

vs

**Larry Watkins, Sr.  Defendant**

_____

**CORRECTED**

Docket 18CR-131V

**Defendant's Reply to Government's Response on** *De Novo* **review of the Detention Order issued by U.S. Magistrate Judge Roemer [Doc#15]**

      The Defendant's alleged conduct occurred on June 16, 2018 [Buffalo Police Dept. Complaint 18-1670770].  Mr. Watkins was not arrested on that date, but was interviewed, giving a written statement.  An indictment was returned on June 21, 2018 [Doc#1] after which Watkins was arrested the next day and incarcerated.   He then gave a videoed statement after this arrest.  After much discussion, and a promise that the gun would not be used against him in any way, he agreed to lead the agents to where the gun was, and did so.  At the arraignment, the government moved for detention. The detention hearing was held on two dates, July 2, 2018 [Doc#16]  and July 16, 2018 [Doc.25].

      On July 2, 2018, the government was questioned by Magistrate Judge Roemer as to whether or not there was any presumption in the case.   The government responded that there was no presumption in the case. Magistrate  Judge Roemer questioned whether or not the government was entitled to a detention hearing pursuant to 18 USC §3142 (f)(1), and requested briefing from the parties as to what authority there is proceed with a detention hearing in this case.

      At  the hearing, after the government made a  proffer, through representations by AUSA Molisani, claiming to address the various factors set forth at 18 USC §3142 (g).  The factors cited in that section relate to determination whether or not there are conditions of

release that will reasonably assure the appearance of the defendant as required and the safety of others in the community. This is not an authority for the government's demand for a detention hearing under the statute.

After the government proffer, the defense then presented an eye-witness, one Sonya Arrington, who observed the events on June 16, 2018, and confirmed that individuals in a truck were shooting into the motor vehicle of Watkins' son. She further testified that the same truck with the shooters in it on June 16, 2018, was seen by her two weeks previously, shooting at Watkins' son in their driveway. Upon information and belief, there is a Buffalo Police Report relative to the shooting and there may even be a video, which the defense is attempting to obtain. The evidence presented is clear and convincing that if Watkins possessed ammunition, it was only to prevent the death of his son, who was the intended victim of a homicide.

The government filed a Memorandum of Law [Doc #9] in support of its claim that a detention hearing should be held. The Memorandum did not deny that the mere possession of ammunition by a felon is not a crime of violence. Rather, it adopted the reasoning of U.S. v. Bagby, 2015 WL 8678394 (WDNY 2015); 2015 U.S. Dist. LEXIS 166837 (WDNY 2015) 15 MJ 2135.

The Bagby Court correctly determined that once a defendant has been charged with one of the crimes enumerated at 18 USC §3142 (f)(1) or that the defendant presents a risk of flight or obstruction of justice, the court can then turn as to whether or not there are any conditions of release that will protect the safety of the community, and reasonably assure the defendant's appearance at trial, citing U.S. v. Friedman, 837 F. 2d 48, 49 (2nd Cir 1988), the case relied upon by the defense. As set forth below, the Bagby interpretation of the word "involves" that this defendant takes issue with as concerns the basis for a detention herein.

In order to proceed with a detention hearing, the defendant must be charged with one of the crimes enumerated in 18 USC §3142 (f)(1). Bagby, *id,* examined the introductory

phrase of this section as follows:

> (1) upon motion of the attorney for the Government, in a case that **involves** –
> [bold provided]

The Court extended the authority for a detention hearing as relates to a case that merely "involves" a crime of violence or a felony not otherwise a crime of violence that involves a minor victim or the possession of a firearm. [(A) and (E)]   It is argued herein that this is against the rules of statutory construction and caselaw.

The offense charged in this indictment is not a "crime of violence".  The government claims that it "involves" an uncharged crime of violence.  It is noted in the defense' Memorandum of Law [Doc#10] that pointed out that the Bagby case has never been cited in any reported decisions, and once again referred the Court to U.S. v. Carter, 996 F. Supp. 260 (WDNY 1998), a case cited as authority at least 58 times.  This Memorandum also referred the Court to Johnson v. U.S., 135 S. Ct. 2551 (2015), as to the holding that the ACCA's "residual clause" was void for vagueness, being unclear as to how much risk it takes for a crime to qualify as a violent felony.  This argument was brought up again in the defense' Supplemental Memorandum [Doc#11].

The Magistrate found that the government had not shown by a preponderance of the evidence that the defendant was a flight risk, but found that there was clear and convincing evidence that there was no condition or combination of conditions that would reasonably assure the safety of other persons in the community if defendant was released.  In that the request for a detention hearing should not have been granted, this finding should not have detained the defendant.

In Friedman, *supra,* as in the case before this Court, the government conceded that Watkins was not charged with a crime of violence within the meaning of 18 USC §3142 (f)(1)(A), and stated:

> However, the Bail Reform Act does not permit detention on the basis of dangerousness in the absence of risk of flight, obstruction of justice or an indictment for the offenses enumerated above.
>
> 837 F. 2d 48 at 49.

The Magistrate found there was no risk of flight, obstruction of justice, an indictment for an enumerated offense.

Since the government is alleging that the defendant is a danger to the community, the danger claimed may only relate to the federal charges. [Friedman, *id* cited in the Bagby, *id* decision as authority]. Once again, in U.S. v. Stewart, [No. 10-CR-360 A, 2011 U.S. Dist. LEXIS 129134, 2011 WL 5403305 (WDNY 2011)][Hon. Richard J. Arcara] the Court stated:

> If a defendant does not fall into one of the **specific categories** that permits detention, the defendant must be released. ... no matter how obviously dangerous or how bent on committing an act of violence the [defendant] may be..." Dillard, 214 F.3d at 96; U.S. v Friedman, 837 F.2d 48, 49 (2nd Cir. 1988). [bold provided (pg 5)]

It is only the unconstitutional interpretation used by the Court in Bagby, *id*, as concerns the word "involves" that would allow for the finding of dangerousness made below. This is expanding the availability of a detention hearing by interpreting the word "involves" very much like the finding in Johnson v. U.S., 135 S. Ct. 2551 (2015) as concerns the ACCA's "residual clause" as referred to on page 3 of the defendant's Memorandum of Law [Doc#10] and as supplemented at the defendant's submission citing such expansions of the Johnson ruling [Doc#11].

In conclusion, the holding in U.S. v. Carter, 996 F. Supp. 260, 261 (WDNY 1998) is the better course. The Court cited U.S. v Salerno, 481 U.S. 739, 755 (1987) that "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." The Bagby, *id*, interpretation of the word "involves" should not be allowed to stand. U.S. Friedman, *supra*, also cited in Carter, *id*, states in part, "A judicial officer may hold a detention hearing only if one of six **specifically enumerated** circumstances exist."

4

(emphasis provided). Watkins has not been indicted for one of these specifically enumerated offenses.

This defendant is not charged with a crime of violence or an offense for which punishment is life in prison or death or a serious drug offense. He has not twice been previously convicted of certain serious or violent crimes and the Court has found that there is no serious risk that he will flee, obstruct justice, or injure, intimidate or harm a witness. Therefore, the Carter Court, in citing U.S. v Butler, 165 F. R. D. 68, 71 (N.D. Ohio 1996) states that under the circumstances in the case at bar, the Court below was without authority to hold a detention hearing.

It is requested that after oral argument, this Court address the issues raised by the defense and reverse the decision of the Magistrate. The statute should be strictly construed.

                                                    Respectfully submitted,

                                                    s/*Alan S. Hoffman*
                                                    Alan S. Hoffman, Esq.
                                                    460 Franklin Street
                                                    Buffalo, New York 14202

TO:   Paul Parisi, Esq.,
         Seth T. Molisani Esq.
         Asst United States Attorneys
         138 Delaware Avenue
         Buffalo, New York 14202

United States District Court
Western District of New York

_____

The United States of America

vs

Larry Watkins, Jr., Defendant

_____

## Certificate of Service

     I hereby certify that on September 7, 2018 , I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system which would then electronically notify all CM/ECF participants in this case.

                                                    s/*Alan S. Hoffman*
                                                    Alan S. Hoffman, Esq.