UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                                  18-CR-131-V

LARRY WATKINS, SR.,

                 Defendant.

## GOVERNMENT'S SUPPLEMENTAL RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER DETENTION ORDER

**THE UNITED STATES OF AMERICA**, through its attorneys, James P. Kennedy, Jr., United States Attorney for the Western District of New York, and Seth T. Molisani, Assistant United States Attorney, of counsel, hereby files this supplemental response in opposition to the defendant's motion seeking reconsideration of the detention order issued by United States Magistrate Judge Michael J. Roemer, which was previously argued before this Court on September 10, 2018. For the further reasons set forth below, the defendant's motion should be denied.

## 18 U.S.C. § 3142(f)(1)(E) IS NOT UNCONSTITUTIONALLY VAGUE

Upon motion of the Government, a detention hearing must be held if the case satisfies at least one of the conditions set forth in Title 18, United States Code, Section 3142(f)(1). Subsection (E) provides that a detention hearing is required for any case that involves "***any felony*** that is not otherwise a crime of violence that involves a minor victim or **that *involves the possession or use of a firearm*** or destructive device." Id. § 3142(f)(1)(E)(emphasis added).

The defendant does not refute that he is currently charged with a felony for possessing ammunition as a felon, the very same ammunition he discharged from a firearm on June 16, 2018. Instead, the defendant argues that a detention hearing is not permitted because the defendant is not specifically charged with a crime of violence or the possession or use of a firearm. Dkt. 27. The defendant cites no authority to support his contention that he must be charged with possessing or using a firearm in order to trigger the government's entitlement to a hearing under 3142(f)(1)(E).

The defendant's argument here relies exclusively on the recent successful challenge to the constitutionality of the residual clause in the Armed Career Criminal Act of 1984 ("ACCA"). In Johnson v. United States, the United States Supreme Court struck down the residual clause in ACCA as unconstitutionally vague because its definition of "crime of violence" "combin[ed] indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony." See Johnson, 135 S. Ct. 2551, 2558 (2016).

The defendant's reliance on Johnson in this case is misplaced. Unlike Johnson, where the residual clause "produce[d] more unpredictability and arbitrariness than the Due Process Clause tolerates" (135 S. Ct. at 2558), the language of 3142(f)(1)(E) is predictable and logical. In fact, some of the ambiguities that arose when courts interpreted the "crime of violence" detention subsection under 3142(f)(1)(A), especially as it related to firearms, were addressed by Congress in the 2006 amendments to 3142(f)(1) under the Adam Walsh Child Protection

and Safety Act that created subsection (E).

The fundamental tenets of statutory construction require that every word be given its common sense meaning and that each word and clause be presumed to have a purpose. United States v. Dauray, 215 F.3d 257, 260 (2d Cir. 2000); Harris v. Sullivan, 968 F.2d 263, 265 (2d Cir. 1992); see also Market Co. v. Hoffman, 101 U.S. 112, 115–16 (1879) ("[A] statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." (internal quotation marks omitted)).

As noted above, Title 18, United States Code, Section 3142(f)(1)(E) expanded the categories of cases that trigger a detention hearing. Subsection (E) expanded 3142(f)(1) to include "*any felony*…that *involves* the possession or use of a firearm." Id. (emphasis added). If the defendant's interpretation was correct, Congress could have used the alternative language of "any offense…charging the possession or use of a firearm." In fact, such language currently appears in 3142(f)(1)(A), (B), and (C) where each subsection refers instead to a defined offense. Instead, Congress chose to include "any felony" that "involves the use or possession of a firearm."[1]

The use of the words "any" and "involves" are very significant in interpreting the statute and the defendant asks this Court to ignore both words completely and omit them

---

[1] In National Ass'n of Mfrs. v. Department of Defense, 138 S. Ct. 617 (2018), the United States Supreme Court acknowledged that the use of the word "any" will sometimes indicate that Congress intended particular statutory text to sweep broadly. See, e.g., Ali v. Federal Bureau of Prisons, 552 U.S. 214, 220, 128 S.Ct. 831, 169 L.Ed.2d 680 (2008) ("Congress' use of 'any' to modify 'other law enforcement officers of whatever kind").

entirely.  Title 18, United States Code, Section 3142(f)(1)(E) does not require "an offense." "Any felony" is expansive language that serves to include, rather than exclude specific offenses.  Yet, it is not so overbroad that any crime would qualify as a felony that involves the use or possession of a firearm.  The universe of felonies that "involve the use or possession of a firearm" is very limited.  The felony charged in this matter, possession of ammunition by a felon, clearly and logically falls within the ambit of subsection (E) based on a plain reading of the statute and the alarming facts and circumstances presented by this case.[2]

Permitting a detention hearing based on the facts presented to this Court falls in line with the legislative intent behind the 2006 amendments that provided greater clarity and guidance for the courts.  The interpretation suggested by the defendant effectively redrafts the statute to impose the most limited and illogical reading one could possibly construe.  Because the defendant is charged with a felony that involves the possession and use of a firearm, the government is entitled to a detention hearing.

---

[2] The Government's initial burden in the context of a detention hearing is to demonstrate by a preponderance of the evidence that the defendant has been charged with a crime enumerated in Title 18, United States Code, Section 3142(f)(1) and it may meet that burden with evidence that does not meet the standards for admissibility at a subsequent criminal trial.  See United States v. O'Neill, 144 F. Supp.3d 428, 434 (W.D.N.Y. 2015).  "The rules of evidence do not apply in a detention hearing.  Further, the government may proceed by proffer." United States v. Ferranti, 66 F.3d 540, 542 (2d Cir. 1995) (citation omitted); see also United States v. Carswell, 144 F. Supp.2d 123, 127 (N.D.N.Y. 2001) ("The rules governing the actual hearing and the ultimate detention decision are now well-established.  The evidence may be introduced by proffer since normal evidentiary rules do not apply.").  In other words, this Court is not limited to the four corners of the Indictment.  Instead, this Court should consider all the evidence proffered by the Government in determining if the Government has shown by a preponderance of the evidence that the defendant has been charged with a crime enumerated in Title 18, United States Code, Section 3142(f)(1)(E).  See O'Neill, 144 F. Supp.3d at 436.

## **CONCLUSION**

**WHEREFORE**, for the foregoing reasons, the Government respectfully requests that the Court deny the defendant's motion and detain defendant before trial.

DATED: Buffalo, New York, September 19, 2018.

                                        JAMES P. KENNEDY, JR.
                                      United States Attorney

BY:    s/SETH T. MOLISANI
         Assistant United States Attorney
         United States Attorney's Office
         Western District of New York
         138 Delaware Avenue
         Buffalo, New York 14202
         716/843-5881
         Seth.Molisani@usdoj.gov