UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| United States of America | Docket 18CR-131V |
| vs | Supplemental Memorandum of Law |
| | [Motion to extend time to respond (Doc#31) to Government's Filing Of Memorandum (Doc#30) pending] |
| Larry Watkins, Sr.  Defendant | |

_____

    While the Government did not submit on Monday, September 17, 2018 as allowed, their submission was filed on September 19, 2018.  [Doc.#30]   Separately, [Doc #31]  the defense is seeking to respond to Doc# 30 by Wednesday, September 26, 2018.

    The categorical  basis for holding a prompt detention  hearing is statutory [18 USC  §3142 (e) and (f)].  The  Government motion for detention was only authorized if Watkins was accused of a "crime of violence."  The indictment in this case charges a violation of 18 U.S.C. § 922(g)(1), which  is categorically not a "crime of violence."

    A "crime of violence" is exclusively defined for detention hearings:

> § 3156.Definitions
> (a)  As used in sections 3141-3150 of this chapter [18 USCS §§  3141-3150]—
> (4)  the term "crime of violence" means—
> (A)  an offense that has an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another;
> (B)  any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense;

    (A) requires a *mens rea* as an element of the charged crime, and (B) contains vague language that was found to be unconstitutional in <u>Johnson</u> and <u>Dimaya</u> (*infra*). This "catch-all" language of

(B) is almost identical to the language in the ACCA and the INA that was found to be unconstitutionally vague by the Supreme Court.

The Government has conceded that the "rebuttable presumption" of 18 USCS § 3142 (e)(1) and (2) is not applicable to the indicted crime herein of being a felon in possession of ammunition. No presumption, and no crime of violence.

Both in the first phrase of 18 USC 3142(f)(1) that states:

upon motion of the attorney for the Government, in a case that involves—

and in 18USC §3142(f)(1)(E) that states:

> (E) any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921 [18 USCS §921]), or any other dangerous weapon, or involves a failure to register under Section 2250 of Title 18, United States Code [18 USCS §2250].

The word "involves" is prominent both in these statutes and in support of the argument made herein as to constitutional vagueness.

The Government has submitted an uncited decision as authority for statutorily denying any bail to Watkins, <u>United States v Bagby</u>, 2015 US Dist LEXIS 166837 [WDNY 2015: No. 15-MJ-2135]. This decision is grounded upon the use and meaning of the word "involves." The decision also opines as to a "nexus" with and "relation" to the possession of ammunition to a categorical "crime of violence," the possession or use of a firearm, using police reports as to facts alleged outside the crime charged. The categorical approach urged by the defense was denied to both <u>Bagly</u> and Watkins below.

Under current Supreme Court precedent, <u>Bagby</u> probably would have been decided differently. As set forth below, the "categorical approach" is that used by the Supreme Court and controls the case before this Court on this *de novo* appeal.

In <u>Sessions v Dimaya</u>, ___US____, 200 L Ed 2d 549, 138 S Ct 1204 (2018), the U.S. Supreme Court held in an INA case that 18 USC §16 was unconstitutionally vague. That statute defined a "crime of violence" as:

> any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

This statute is similar to the language in the portion of the detention statute that is challenged by the defendant.

Previously, in <u>Johnson v United States</u>, ___US___, 135 S Ct 2551 (2015), 18 USC §924(e)(2)(B)(i), it was held that the "residual clause" in the ACCA was unconstitutionally vague. That clause that states:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another

Again, this statute is similar to 18USC 3142(f)(1)(E).

The <u>Johnson-Dimaya</u> cases found statutory provisions as to prior convictions, as an enhancement under ACCA(<u>Johnson</u>), and for exclusion under the INA(<u>Dimaya</u>) unconstitutional.

The language, as found below, is for a mere allegation that the charged conduct was "involving the use or carrying of a firearm". This is not an element of the indicted crime herein. Also, the "presumption of innocence" continues and as has not been modified or limited by the Bail Reform Act [18 USC§3142(j)].

In United States v Franklin, ___ F.3d ___ U.S. App. LEXIS 2595, 2018 WL 4354991, 18 Cal. Daily Op. Serv. 9213 (9th Cir. Sep. 13, 2018), the Government urged the Court to abandon the categorical approach that was used for decades. See, Taylor v United States, 495 US 575 [1990] cited as authority for the "categorical approach" in both Johnson and Dimaya, and in U.S. v Carter, 996 F.Supp 260 (WDNY 1998) but as rejected in U.S. v Epps, 987 F. Supp. 22 (D.C1997) and Bagby.

The interpretation of "involved" as applied below may lead to the massive application of detention based on the vagaries of "involving". Will detention come into play if there is merely a *de minimus* proffer of allegations not in the indictment? Will a challenge to the voluntariness of admissions of a defendant be allowed? What if the facts as alleged are as to the involvement of a firearm in defense of one's son from a firearm attack as in the case at bar? (When questioned at oral argument by this Court as to where Watkins possessed the ammunition the Government responded that the possession was at the scene of the attempted murder of Watkins son). Franklin argued that "involving" is far narrower than "relating to." The overbreadth of "involves" is too vague and broad to trigger a detention hearing. There would be no discernible limit. In this decision the Court stated:

> We begin by observing that, as a linguistic matter, "involving" does not equate to "relating to or connecting with." "Relating to" is a "broad" and "indeterminate" term, Mellouli, 135 S. Ct. at 1990, that means that one thing "stands in some relation, bears upon, or is

associated with" another, United States v. Sullivan, 797 F.3d 623, 638 (9th Cir. 2015) (quoting United States v. Sinerius, 504 F.3d 737, 743 (9th Cir. 2007)). "Involving" does not have a single, uniform meaning, but it usually signifies something narrower than "relating to." Specifically, "involving" often connotes "including] (something) as a necessary part or result." New Oxford American Dictionary 915 (3d ed. 2010).

Additionally, the Court stated:

That principle holds particularly true when, as here, the word "involve" is used in the same section of the same statute. Cf. Sessions v. Dimaya, 138 S. Ct. 1204, 1216-17, 200 L. Ed. 2d 549 (2018) (plurality opinion) (explaining that the Supreme Court "'had good reasons' for originally adopting the categorical approach, based partly on ACCA's text (which, by the way, uses the word 'involves' identically [to a provision of the INA])" (quoting Johnson, 135 S. Ct. at 2562).

The analysis in Dalton v Ashcroft, 257 F3d 200 [2d Cir 2001] is also instructive. In that case the categorical approach in determining whether a New York aggravated driving while intoxicated charge was a crime of moral turpitude. The court noted that in such a conviction in New York, a defendant can be found guilty of driving while intoxicated even if he or she is asleep at the wheel of a car whose engine is not running, and even the vehicle never moved.  Also, the vehicle itself need not even be operative in order to sustain a conviction for operating it while intoxicated. The court held that in  focusing on the nature of the crime rather than the charged  conduct, and since the risk of the use of physical force was not an element of the offense, and thus the offense did not constitute a crime of violence justifying removal.  Conviction for DWI was possible even where there was no risk of the use of force, and the serious potential risk of physical injury from an accident did not constitute the likelihood of the intentional employment of physical force.

The possession of ammunition by a felon does not categorically have an element of the "involvement " of a firearm. A few rounds in the pocket of a felon, on the floor of the car, or in a residential basement should not trigger a detention hearing. The Court should not go behind the

...

indictment searching for an involvement with a firearm. This is especially the case if the alleged involvement with a firearm is merely a "temporary involvement" for the defense of another exposed to deadly physical force as in the case at bar.

The Supreme Court's approach in Johnson to the residual clause of § 924(e)(2)(B)(ii), that held as unconstitutionally vague the definition of violent felonies under the ACCA so as to to include offenses that "otherwise involve[d] conduct that presents a serious potential physical risk to another" is applicable to Watkins. So also is the Dimaya holding that "involves" does not defeat the requirements of the categorical approach. The Government's argument herein does not answer the question : If "involving" means "related to or connected with," then why would Congress not include a felon in possession of ammunition as a crime of violence? The construction of "involves" below articulates no limiting principle that would prevent arbitrary determinations, and would thus render its use herein as unconstitutionally vague. There is no limit as to any required involvement between the charged crime and a crime of violence. The "involvement" could be remote and tangential and still "involve" a firearm. The same two features that make the ACCA residual clause and 18USC16 unconstitutionally vague is a "grave uncertainty about how to estimate" what the typical crime covered by the statute involves. It leaves unclear what degree of connection to a firearm is required to give fair notice to defendants and invites arbitrary enforcement by judges. (Johnson 135 S.Ct. at 2557)

To the extent this statute is ambiguous, this Court should apply the rule of lenity and construe it in Watkin's favor. United States v. Santos, 553 U.S. 507, 514 (2008) (noting that "the tie must go to the defendant"). Reasonable bail for this non-violent charge should be set, especially since there

is no risk of non-appearance as found below. There are reasonable conditions that can be imposed short of detention without bail.

                Respectfully submitted,

                s/*Alan S. Hoffman*
                Alan S. Hoffman, Esq.
                460 Franklin Street
                Buffalo, New York 14202

TO:
Paul Parisi, Esq.,
Seth T. Molisani Esq.
Asst United States Attorneys
138 Delaware Avenue
Buffalo, New York 14202

United States District Court
Western District of New York

_____

The United States of America

vs

Larry Watkins, Jr.,  Defendant

_____

## Certificate of Service

    I hereby certify that on September 20, 2018 , I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system which would then electronically notify all CM/ECF participants in this case.

                          s/*Alan S. Hoffman*
                          Alan S. Hoffman, Esq.