UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

United States of America

vs

Larry Watkins, Sr.,   Defendant

_____

Docket 18 CR-131V

**Defendant's 3rd Supplemental Memorandum of Law**

## I. THE DETENTION HEARING

Upon government motion, a detention hearing was held pursuant to 18 USC §3142 (a)(4) on July 2, 2018 [Doc#24-1] and continued July 16, 2018 [Doc#24-2]. While initially, the government argued that the motion was "triggered" pursuant to 18 USC §3142 (f)(1)(A) and/or (E), AUSA Molisani clearly was referring to subdivision (E) when he stated:

> And I've also demonstrated the clear **nexus** between the charged crime and crime **involving** a crime of violence or the use or possession of a firearm. And I think in establishing that **nexus** by a preponderance of the evidence, it does entitle the Government to a detention hearing based on the charges filed against the defendant by the grand jury.
>                                       [Doc#24-2  p.4  l-4-9]  bold  provided

Also, as stated at oral argument and in prior filings, the government moved for detention pursuant to 18 USC §3142 (f)(1)(E). When talking about a "nexus" or "involvement" as to a crime of violence, it is subdivision (E) and not (A).

## II. THE ORDER OF DETENTION

United States Magistrate Judge Roemer executed a printed form, entitled <u>ORDER OF DETENTION PENDING TRIAL</u> on July 19, 2018. [Doc#15]   In this Order, at <u>Part I-Eligibility for Detention</u> it recites that the government made a motion pursuant to 18 USC

§3142 (f)(1) and a detention hearing was warranted.  Pursuant to 18 USC §3142 (i)(1), the Court must make findings of fact and conclusions of law.

In Part II - Findings of Fact and Law as to Presumptions Under §3142 (e) no designation was made by the Court on the form as to which subdivision on the form authorized a detention hearing.  But, based upon the filings and proceedings herein, it is submitted that Part II (A)(1)(e)(ii) was the only viable box to check as the basis for triggering a detention hearing.  It is mainly this subdivision that has been briefed and argued.

At the continuation of the detention hearing on July 16, 2018, Magistrate Judge Roemer questioned the government as to the particular section of 18 USC §3142 (f)(1) the government was relying upon.  The government's response was that subdivision (E) best applies.  The Court then stated:

> Okay. As a preliminary matter, the Court raised the issue of whether the Government is entitled to a detention hearing under the statute. I do find that the Government is entitled to a detention hearing under either 18, U.S.C., Section 3142(f)(1)(A) as it is a crime of violence, or under 18 U.S.C. Section 3142 (f)(1)(E) and that **even if it is considered not a crime of violence, it did involve the possession and use of a firearm.** Therefore, I do find that the Government is entitled to a detention hearing, and I'm relying on Judge Scott's decision in United Sates v. Bagley(sic), 2015 WL 8678394, December 14, 2015.
> [Doc# 24-2,[pg 16 l. 24 - pg 17 l. 11] bold provided

It is submitted that a felon in possession of ammunition is categorically not a crime of violence.

### III. AMENDMENT E TO 18 USC §3142 (f)(1)

The Adam Walsh Child Protection and Safety Act of 2006, 109 P.L. 248, 120 Stat. 587, 2006 at §216 is entitled Improvements to the Bail Reform Act to Address Sex Crimes and Other Matters, adding to the statute §3142 (f)(1)(E).  A search has been made as to the

2

legislative history of this amendment and none has been located as of this date. This subdivision (E) was "slipped" into a statute that otherwise only dealt with sexual predators.

Prior to 2006, firearm possession, interstate sales and transport of firearms, as well as the possession of ammunition and incendiary devices were cases resulting in conflicting decisions in the various circuits in determining whether or not they were "crimes of violence".

In U.S. v Bagby, 2015 WL 8678394, 2015 US Dist. LEXIS 166837 (WDNY 2015)(15-MJ 2135), Magistrate Judge Scott analyzed the case involving only ammunition pursuant to §3242 (f)(1)(A) that states "upon motion of the attorney for the Government, in a case that involves - -" (A) a crime of violence, while in the case at bar, subdivision (E) is in play. Judge Scott queried what the word "involve" means and found that the Second Circuit had not addressed the issue directly. This case has no precedential value for determination under subdivision (E). The word "involves" is applicable to all subdivisions of 18 USC §3142 (f)(1) and is used again in subdivision (E).

In fact, the Bagly Court, citing U.S. v Dillard, 214 F. 3d 88, 91 (2nd Cir 2000) pointed out that the Second Circuit completely omitted the word "involve" and gave no interpretation. Once again quoting Dillard, *id*, the court stated:

> "...We will assume without deciding, for purposes of this opinion, that the use or risk of violence must result from the **categorical nature** of the offense and that the statute would not be satisfied where defendant used violence in the commission of an offense, whose nature does not ordinarily give rise to a substantial risk of violence."                      bold provided

The Court didn't reach the question of any inherent risk as to the possession of ammunition, but rather, went back to the analysis of the word "involve" and the ability under this section to look at a "factual nexus", while pointing out the various decisions that were in conflict in the circuits.

In U.S. v Carter, 996 F. Supp. 260 (WDNY 1998) the defendant was charged with a firearm offense. The government argued that this was a crime of violence within the meaning of §3142 (f)(1)(A). Looking to §3156 (a)(4)(B) that states "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against a person or property of another may be used in the course of committing the offense;", discussed whether the approach used to determine if a criminal offense is a violent felony meets the "substantial risk test" or whether the "fact specific" or "case by case" and "factual basis" approach should be utilized. The Court then discussed the difference between the various decisions that are in conflict with one another as to the "categorical approach" and the "case by case" approach. The Court held that the circumstances in which Carter is alleged to have committed the firearm offenses does not determine whether or not the crime is one of violence. It was not what happened in this case, but what the nature of the offense charged that is to be considered. In U.S. v. Friedman, 837 F.2d 48 (2nd Cir 1988) there was an appeal from an order of pretrial detention where the defendant was charged with sending and receiving child pornography in the mail. Once again, the Court held that the motion seeking detention was permitted only when the charge is for certain enumerated crimes. The Supreme Court of the United States in the Johnson-Dimaya cases affirmed the use of the categorical test under the circumstances herein.

### IV. ARGUMENT

This added subdivision (E) provided that if the alleged charge was not a statutorily defined "crime of violence", detention would be triggered if the crime "involves" the possession of a firearm or incendiary device. Magistrate Judge Scott, in Bagby, recognized that the word "involved" appears three times. As noted above the definition of a crime of violence in this context refers to "substantial risk", another unconstitutionally vague concept. The Supreme Court in the Johnson-Dimaya cases analyzes the residual clause to ACCA and

18 USC (16)(1) the definition of a violent offense as applicable to the INA. The Supreme Court relied heavily on the use of the word " involves" in both, as well as the phrase "substantial risk", finding that both of these term renders each statute unconstitutionally vague.

18 USC §3156 (a)(4) defines a "crime of violence" under subdivisions (A),(B) and (C). (A) defines it as an offense that has an element of the actual offense of the attempted use or threatened use of physical force against a person or property of another. Subdivision (B) refers to any other offense that is a felony and that, by its nature, involves a **substantial risk** that physical force against a person or property of another may be used in the course of committing the offense. Neither (A) nor (B) apply in the case at bar. 18 USC §3142 (f)(1)(E), without numbers or letters reads as follows:

> Upon motion of the attorney for the Government, in a case that **involves** - - any felony that is not otherwise a crime of violence that **involves** ...a firearm or destructive device.

Two "involves" are in this reading of subdivision (E).

The addition of (E) to the detention statute clearly expanded the triggering of detention to crimes that charge possession of a firearm such as in Carter, etc. Further expansion to a crime that "involves" possession or use of a firearm must be narrowly construed to those crimes that contain an element of the possession or use of a firearm. Perhaps, as in the Johnson-Dimaya Supreme Court cases, it could be held unconstitutionally vague. It is argued herein, however, that if confined to statutes that contain a reference to the use or possession firearms or incendiary devices, subdivision (E) is not unconstitutional. This is not so in the case at bar involving the possession of ammunition.

The interpretation in this memo, however, is that if understood by the background of the cases that were in conflict among the circuits, the statute may pass constitutional

muster.  On the other hand, how may the courts, at the commencement of a criminal prosecution, measure the involvement of a firearm?  What is the measure?  It is indeterminate.  Thus, besides the word "involves", it is critical that in determining whether a detention hearing is triggered, the Court should not be faced with determining such concepts as "substantial risk" if documents and testimony proffered do not relate to the elements that are not contained within the charged offense.

If the charged crime "involves" a crime of violence, a detention hearing is triggered. The government's burden of proof is by a preponderance of the evidence.  A felon in possession of ammunition is categorically not a crime of violence.  Proof beyond a reasonable doubt is not required for detention.  The government proffer is not limited to evidence that would be admissible at trial.  The defendant is still presumed not guilty.  An expansive reading of the meaning of the word "involves" so as to call for detention without bail, is an extraordinary deprivation of liberty involving the Due Process clause of the Fifth Amendment and the Eighth Amendments' bail clause.  The use of "involves" in this context is vague unless determined to mean crimes that describe the use or possession of firearms, but are not violent felony offenses, as well as other non-violent felony offenses that contain as an element the possession or use of a firearm.

This was particularly so in the residual clauses in Johnson-Dimaya. In both cases there was a conviction, as compared to the current charge that is being used before trial, to detain Watkins without bail. The statute may be saved from being unconstitutionally vague, when interpreted as set forth herein.  The unconstitutional arguments directed to the use of the word "involves",  and the history of the cases that were in conflict as to the possession of firearms and ammunition,  should be determined by this Court in its decision.  Also, the use of "substantial risk" must be addressed.

## V. THE GOVERNMENT'S ARGUMENT [DOC#30]

Three paragraphs and three cases cited by the government must be addressed. In the first paragraph, the government argues that the defense has cited no authority that the charged offense must be for using or possession of a firearm so as to trigger a hearing under 3142 (f)(1)(E), but see People v. Carter, *id*. The only authority presented by the government is Bagby, Additionally, the defense cited the Johnson-Dimaya cases, as well as the history behind the addition of subdivision (E) to the statute in support of their argument.

The government states that the defense relies exclusively on Johnson and Dimaya. The government relies exclusively on Bagby, and an expansive reading of (E) in derogation of the Fifth and Eighth Amendments. Both 18 USC §3142 (f)(1)(E) and 18 USC §3156 (a)(4)(A) and (B) may be unconstitutional as interpreted by the government. They are unpredictable and subject to arbitrary decisions, inviting speculation and mini-trials if not interpreted in an historical and categorical perspective. The 2006 amendment was undoubtedly promulgated to settle holdings that differed in the circuits. However, in light of the Supreme Court decisions affirming the categorical approach, and condemning such terms as "involving a violent felony offense" and "substantial risk" a detention hearing was not authorized in this case.

In United States v Dauray, 215 F 3d 257 (2nd Cir 2000), cited by the government, a judgment of conviction was reversed because of an ambiguous statute. The statute in question, 18 USC §2252 (a)(4)(B) contains the phrase "other matter". The District Court concluded that the matter possessed by Dauray was "other matter' within the meaning of the statute, and for the same reason denied the defendant's request to invoke the rule of lenity. The Second Circuit, in reversing, stated:

> Notwithstanding diligent efforts to construe §2252 (a)(4)(B) we conclude that it can be read either to support or to defeat this indictment. We therefore apply the rule of lenity to resolve the ambiguity in Dauray's favor.
>
> [215 F.3d at 260]

This case is supportive of the defendant's position herein. There is ambiguity in the detention statute and this ambiguity should be decided in Watkins' favor, especially when there is such a drastic deprivation of liberty involved when bail is denied.

In Watkin's case, this Court has Supreme Court precedent [Johnson- Dimaya] and as well as the recent case of  U.S.  v Franklin, __F. 3d __, 2018 US App. LEXIS 25952, 218 WL 4354991. [9th Cir Sept 13, 2018]  to confirm the argument made herein as concerns the use of the word "involved". These cases hold the use of the word "involves" is unconstitutionally vague, and that any other interpretation would result in mini-trials, arbitrary decisions and uncertainty. The same argument is applicable to the use of "substantial risk."

Next cited by the government is Harris v. Sullivan 968 F. 2d 263, 265 (2nd Cir 1992). This case was cited in Dauray, id, at 260. It involved the phrase "cost of living", vacating a trial court's granting of a cost of living increase in an attorney fee award. The issue was as to whether or not the phrase "cost of living" in the civil matter was to be given its ordinary, everyday meaning, or whether it should be interpreted to refer to legal fees. The Second Circuit reversed and remanded. The Court found that the ordinary meaning described by the phrase "cost of living" is defined in the Consumer Price Index.  It should not be necessary to get into the statutory construction in dealing with detention without bail.

The government then cites Market Co v Hoffman, 101 US 112, 115-16 (1879). In this case, an act of Congress authorized the construction of a market house with stalls on federal land and to sell the stalls to the highest bidders. There was a two year term but the stall holders claimed they had the right to hold the stalls for as long as they chose. The lower

court agreed and enjoined the company from reselling the stalls. On appeal, the Supreme Court reversed. The stall holders, in accordance with their bids, required no more the right to two years of occupancy of their stands. Hoffman lost and the Market Group won. There was no **reasonable construction**, the company was left at liberty to fix the length of the term, be it two, ten or thirty years.

Interestingly, U.S. v O'Neill, 144 F. Supp 3d (WDNY 2015), cited by the government in a footnote, was decided on November 18, 2015 by U.S. District Court Judge Elizabeth A. Wolford, on appeal from a decision from Magistrate Judge Scott, and U.S. v Bagby, was decided by Judge Scott on December 14, 2015. These are the only two decisions found after the 2006 amendment that added subdivision (E). A reading of O'Neill is supportive of the categorical approach and process through which detention may be found. This was not done in Magistrate Roemer's Decision and Order below.

## CONCLUSION

In conclusion, the defense thanks this Court for taking the time and effort to analyze this portion of the detention statute. It is hoped that the decision of this Court will address the arguments made by both the Government and the Defense in light of Supreme Court precedent and in consideration of the drastic nature of the remedy that denies bail to a defendant charged with a crime that is neither categorically a crime of violence nor contains as an element the possession or use of a firearm. It is not clear to the defense, and perhaps not even to the Government, that the proffer presenting alleged facts outside the elements of the crime charged herein is actually a crime of violence. Even accepting the proffer, it is clear that any actions that are alleged were in the defense of a third party who was being shot at in a vehicle, after having been cut off by the attempted assassins.

Respectfully submitted,

s/*Alan S. Hoffman*
Alan S. Hoffman, Esq.
Attorney for Defendant
460 Franklin Street
Buffalo, New York 14202
Tele: (716) 884-4700
email= Lawyerhoffman@aol.com

TO: Paul Parisi, Esq.,
     Seth T. Molisani Esq.
     Asst United States Attorneys
     138 Delaware Avenue
     Buffalo, New York 14202
     Tele: (716) 843-5881
     email=seth.molisani@usdoj.gov

United States District Court
Western District of New York

_____

The United States of America

vs

Larry Watkins, Sr., Defendant

_____

## Certificate of Service

     I hereby certify that on September 26, 2018 , I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system which would then electronically notify all CM/ECF participants in this case.

                                      s/*Alan S. Hoffman*
                                      Alan S. Hoffman, Esq.